# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEST, | Case No. 1:17-CV-01087-DAD-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION THAT COURT DISMISS CASE AS SECOND OR SUCCESSIVE |
| v. | |
| A. MATEVOVSIAN, | |
| Respondent. | |

Petitioner Jason Best is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Petitioner has not sought leave of the Ninth Circuit Court of Appeals to file a second or successive petition, the undersigned recommends that the Court dismiss the petition.

## I. Procedural and Factual Background[1]

### A. Federal Conviction

In July 2002, a jury in the U.S. District Court for the Northern District of Indiana convicted Petitioner of five drug-related offenses: one count of conspiracy to distribute crack cocaine, two counts of possession with intent to distribute crack cocaine, and two counts of maintaining a place for distribution of crack cocaine. The District Court sentenced Petitioner to life imprisonment on the

---
[1] The facts in the Procedural and Factual Background section are adapted from *Best v. Holland* (6:13-cv-254 DCR) (E.D. Ky.) (Doc. 4).

1

conspiracy count and imprisonment terms ranging from 240 to 480 months on the four other counts. Petitioner subsequently filed a direct appeal alleging ineffective assistance of counsel. The Seventh Circuit Court of Appeals rejected the argument and affirmed the conviction and sentence.

### B. Habeas Petitions

Thereafter, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Northern District of Indiana alleging ineffective assistance of counsel. The District Court denied the motion and declined to address Petitioner's ineffective assistance of counsel claims because the Seventh Circuit previously rejected the claims on direct appeal. On December 16, 2013, Petitioner filed a motion for habeas relief pursuant to § 2241 in the Eastern District of Kentucky alleging actual innocence and that Petitioner's trial attorneys were ineffective and denied him compulsory process by failing to call Petitioner's cousin as a witness during trial. On April 21, 2014, the District Court denied the motion, finding that § 2241 was not the proper avenue for obtaining the relief requested.

Petitioner filed the above-captioned petition for relief under § 2241 with this Court on August 14, 2017. Petitioner makes the same arguments he made in his petition before the Eastern District of Kentucky. Specifically, he contends he is "actually innocent" of the possession with intent to distribute counts from the indictment and that his trial counsel was ineffective and denied him compulsory process by failing to call his cousin as a witness during trial.

### II. The Petition is Barred as Second or Successive

Because Petitioner has previously sought federal habeas relief for the intent to distribute conviction, the pending petition is second or successive. The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may

2

not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Accordingly, the Court must dismiss the above-captioned petition.

**III.    Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

**IV.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 13, 2017**__        /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE